1  DALE L. ALLEN, JR., State Bar No. 145279
   dallen@aghwlaw.com
2  PHILIP J. DOWNS, JR., State Bar No. 302939
   pdowns@aghwlaw.com
3  ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
   180 Montgomery Street, Suite 1200
4  San Francisco, CA 94104
   Telephone:    (415) 697-2000
5  Facsimile:    (415) 813-2045

6  Attorneys for Defendants
   COUNTY OF NAPA, DANIEL LICHAU, JAMES
7  KASPER, MICHAEL MILAT

8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11

12  CLARENCE LOFTIN, an individual,        Case No. 4:18-cv-01825-HSG

13            Plaintiff,                   **STIPULATED PROTECTIVE ORDER;
                                           ORDER**
14      v.
                                           Hon. Haywood S. Gilliam, Jr.
15  COUNTY OF NAPA, a municipal
    corporation; DANIEL LICHAU,
16  individually and in his capacity as an
    NAPA County Deputy Sheriff; JAMES
17  KASPER, individually and in his capacity
    as an NAPA County Deputy Sheriff;
18  MICHAEL MILAT, individually and in
    his capacity as an NAPA County Deputy
19  Sheriff; and DOES 1-50, inclusive,

20            Defendants.

21

22  1.      PURPOSES AND LIMITATIONS

23        Disclosure and discovery activity in this action are likely to involve production of

24  confidential, proprietary, or private information for which special protection from public

25  disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

26  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

27  Protective Order. The parties acknowledge that this Order does not confer blanket protections on

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

239601.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1    all disclosures or responses to discovery and that the protection it affords from public disclosure

2    and use extends only to the limited information or items that are entitled to confidential treatment

3    under the applicable legal principles. The parties further acknowledge, as set forth in Section

4    12.3, below, that this Stipulated Protective Order does not entitle them to file confidential

5    information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and

6    the standards that will be applied when a party seeks permission from the court to file material

7    under seal.

8    2.      <u>DEFINITIONS</u>

9        2.1      <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of

10    information or items under this Order.

11        2.2      <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is

12    generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

13    of Civil Procedure 26(c).

14        2.3      <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as

15    well as their support staff).

16        2.4      <u>Designating Party</u>: a Party or Non-Party that designates information or items that

17    it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

18        2.5      <u>Disclosure or Discovery Material</u>: all items or information, regardless of the

19    medium or manner in which it is generated, stored, or maintained (including, among other things,

20    testimony, transcripts, and tangible things), that are produced or generated in disclosures or

21    responses to discovery in this matter.

22        2.6      <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to

23    the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

24    consultant in this action.

25        2.7      <u>House Counsel</u>: attorneys who are employees of a party to this action. House

26    Counsel does not include Outside Counsel of Record or any other outside counsel.

27        2.8      <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal

28    entity not named as a Party to this action.

STIPULATED PROTECTIVE ORDER
4:18-CV-01825-HSG

239601.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

2.9    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material that reveal the source of the Protected Material or that reveal specific information, i.e., the raw data gleaned from protected documents, entitled to confidentiality under this stipulated order; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

STIPULATED PROTECTIVE ORDER
4:18-CV-01825-HSG

239601.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1    information lawfully and under no obligation of confidentiality to the Designating Party. Any use

2    of Protected Material at trial shall be governed by a separate agreement or order.

3    4.    DURATION

4    Even after final disposition of this litigation, the confidentiality obligations imposed by

5    this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

6    order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

7    claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

8    the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

9    including the time limits for filing any motions or applications for extension of time pursuant to

10   applicable law.

11   5.    DESIGNATING PROTECTED MATERIAL

12   5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party

13   or Non-Party that designates information or items for protection under this Order must take care

14   to limit any such designation to specific material that qualifies under the appropriate standards.

15   The Designating Party must designate for protection only those parts of material, documents,

16   items, or oral or written communications that qualify – so that other portions of the material,

17   documents, items, or communications for which protection is not warranted are not swept

18   unjustifiably within the ambit of this Order.

19   Mass, indiscriminate, or routinized designations are prohibited. Designations that are

20   shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

21   unnecessarily encumber or retard the case development process or to impose unnecessary

22   expenses and burdens on other parties) expose the Designating Party to sanctions.

23   If it comes to a Designating Party's attention that information or items that it designated

24   for protection do not qualify for protection that Designating Party must promptly notify all other

25   Parties that it is withdrawing the mistaken designation.

26   5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order

27   (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

28   Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

STIPULATED PROTECTIVE ORDER
4:18-CV-01825-HSG

239601.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1    designated before the material is disclosed or produced.

2    Designation in conformity with this Order requires:

3    (a) for information in documentary form (e.g., paper or electronic documents, but

4    excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

5    Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a

6    portion or portions of the material on a page qualifies for protection, the Producing Party also

7    must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

8    margins).

9    A Party or Non-Party that makes original documents or materials available for inspection

10   need not designate them for protection until after the inspecting Party has indicated which

11   material it would like copied and produced. During the inspection and before the designation, all

12   of the material made available for inspection shall be deemed "CONFIDENTIAL." After the

13   inspecting Party has identified the documents it wants copied and produced, the Producing Party

14   must determine which documents, or portions thereof, qualify for protection under this Order.

15   Then, before producing the specified documents, the Producing Party must affix the

16   "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or

17   portions of the material on a page qualifies for protection, the Producing Party also must clearly

18   identify the protected portion(s) (e.g., by making appropriate markings in the margins).

19   (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

20   Designating Party identify on the record, before the close of the deposition, hearing, or other

21   proceeding, all protected testimony.

22   (c) for information produced in some form other than documentary and for any other

23   tangible items, that the Producing Party affix in a prominent place on the exterior of the container

24   or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a

25   portion or portions of the information or item warrant protection, the Producing Party, to the

26   extent practicable, shall identify the protected portion(s).

27   5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

28   designate qualified information or items does not, standing alone, waive the Designating Party's

STIPULATED PROTECTIVE ORDER
4:18-CV-01825-HSG

239601.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1  right to secure protection under this Order for such material. Upon timely correction of a

2  designation, the Receiving Party must make reasonable efforts to assure that the material is

3  treated in accordance with the provisions of this Order.

4        6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

5        6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of

6  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

7  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

8  burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

9  challenge a confidentiality designation by electing not to mount a challenge promptly after the

10  original designation is disclosed.

11        6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution

12  process by providing written notice of each designation it is challenging and describing the basis

13  for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

14  notice must recite that the challenge to confidentiality is being made in accordance with this

15  specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in

16  good faith and must begin the process by conferring directly (in voice to voice dialogue; other

17  forms of communication are not sufficient) within 14 days of the date of service of notice. In

18  conferring, the Challenging Party must explain the basis for its belief that the confidentiality

19  designation was not proper and must give the Designating Party an opportunity to review the

20  designated material, to reconsider the circumstances, and, if no change in designation is offered,

21  to explain the basis for the chosen designation. A Challenging Party may proceed to the next

22  stage of the challenge process only if it has engaged in this meet and confer process first or

23  establishes that the Designating Party is unwilling to participate in the meet and confer process in

24  a timely manner.

25        6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court

26  intervention, the Designating Party shall file and serve a motion to retain confidentiality under

27  Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days

28  of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer

6

STIPULATED PROTECTIVE ORDER
4:18-CV-01825-HSG

239601.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1　process will not resolve their dispute, whichever is earlier. Each such motion must be

2　accompanied by a competent declaration affirming that the movant has complied with the meet

3　and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to

4　make such a motion including the required declaration within 21 days (or 14 days, if applicable)

5　shall automatically waive the confidentiality designation for each challenged designation. In

6　addition, the Challenging Party may file a motion challenging a confidentiality designation at any

7　time if there is good cause for doing so, including a challenge to the designation of a deposition

8　transcript or any portions thereof. Any motion brought pursuant to this provision must be

9　accompanied by a competent declaration affirming that the movant has complied with the meet

10　and confer requirements imposed by the preceding paragraph.

11　　　　The burden of persuasion in any such challenge proceeding shall be on the Designating

12　Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

13　unnecessary expenses and burdens on other parties) may expose the Challenging Party to

14　sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

15　file a motion to retain confidentiality as described above, all parties shall continue to afford the

16　material in question the level of protection to which it is entitled under the Producing Party's

17　designation until the court rules on the challenge.

18　　　　7.　　ACCESS TO AND USE OF PROTECTED MATERIAL

19　　　　7.1　　Basic Principles. A Receiving Party may use Protected Material that is disclosed or

20　produced by another Party or by a Non-Party in connection with this case only for prosecuting,

21　defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

22　the categories of persons and under the conditions described in this Order. When the litigation has

23　been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

24　DISPOSITION).

25　　　　Protected Material must be stored and maintained by a Receiving Party at a location and

26　in a secure manner that ensures that access is limited to the persons authorized under this Order.

27　　　　7.2　　Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

28　by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

STIPULATED PROTECTIVE ORDER
4:18-CV-01825-HSG

239601.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

information or item designated "CONFIDENTIAL" only to:

(a) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b) the court and its personnel;

(c) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order or as agreed by the Designating Party.

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

STIPULATED PROTECTIVE ORDER
4:18-CV-01825-HSG

239601.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1    If the Designating Party timely seeks a protective order, the Party served with the

2    subpoena or court order shall not produce any information designated in this action as

3    "CONFIDENTIAL" before a determination by the court from which the subpoena or order

4    issued, unless the Party has obtained the Designating Party's permission. The Designating Party

5    shall bear the burden and expense of seeking protection in that court of its confidential material –

6    and nothing in these provisions should be construed as authorizing or encouraging a Receiving

7    Party in this action to disobey a lawful directive from another court.

8    9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

9          LITIGATION

10   (a)  The terms of this Order are applicable to information produced by a Non-Party in this

11   action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in

12   connection with this litigation is protected by the remedies and relief provided by this Order.

13   Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

14   additional protections.

15   (b)  In the event that a Party is required, by a valid discovery request, to produce a Non-

16   Party's confidential information in its possession, and the Party is subject to an agreement with

17   the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

18   (1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of

19   the information requested is subject to a confidentiality agreement with a Non-Party;

20   (2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this

21   litigation, the relevant discovery request(s), and a reasonably specific description of the

22   information requested; and

23   (3)  make the information requested available for inspection by the Non-Party.

24   (c)  If the Non-Party fails to object or seek a protective order from this court within 14

25   days of receiving the notice and accompanying information, the Receiving Party may produce the

26   Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

27   seeks a protective order, the Receiving Party shall not produce any information in its possession

28   or control that is subject to the confidentiality agreement with the Non-Party before a

9

239601.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1    determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the

2    burden and expense of seeking protection in this court of its Protected Material.

3    10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

4         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

5    Material to any person or in any circumstance not authorized under this Stipulated Protective

6    Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

7    unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

8    Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

9    made of all the terms of this Order, and (d) request such person or persons to execute the

10   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11   11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

12          MATERIAL

13        When a Producing Party gives notice to Receiving Parties that certain inadvertently

14   produced material is subject to a claim of privilege or other protection, the obligations of the

15   Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

16   provision is not intended to modify whatever procedure may be established in an e-discovery

17   order that provides for production without prior privilege review. Pursuant to Federal Rule of

18   Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

19   communication or information covered by the attorney-client privilege or work product

20   protection, the parties may incorporate their agreement in the stipulated protective order

21   submitted to the court.

22   12.    MISCELLANEOUS

23        12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to

24   seek its modification by the court in the future.

25        12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective

26   Order no Party waives any right it otherwise would have to object to disclosing or producing any

27   information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

28   Party waives any right to object on any ground to use in evidence of any of the material covered

10

STIPULATED PROTECTIVE ORDER
4:18-CV-01825-HSG

239601.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1    by this Protective Order.

2          12.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party

3    or a court order secured after appropriate notice to all interested persons, a Party may not file in

4    the public record in this action any Protected Material. A Party that seeks to file under seal any

5    Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

6    under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

7    issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

8    establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

9    otherwise entitled to protection under the law. If a Receiving Party's request to file Protected

10    Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the

11    Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e)

12    unless otherwise instructed by the court.

13          13.    <u>FINAL DISPOSITION</u>

14          Within 60 days after the final disposition of this action, as defined in paragraph 4, upon

15    written notification served by Producing or Designating Party, each Receiving Party must return

16    all Protected Material to the Producing Party or destroy such material. As used in this subdivision,

17    "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other

18    format reproducing or capturing any of the Protected Material. Whether the Protected Material is

19    returned or destroyed, the Receiving Party must submit a written certification to the Producing

20    Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that

21    (1) identifies (by category, where appropriate) all the Protected Material that was returned or

22    destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts,

23    compilations, summaries or any other format reproducing or capturing any of the Protected

24    Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

25    pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

26    correspondence, deposition and trial exhibits, expert reports, attorney work product, and

27    consultant and expert work product, even if such materials contain Protected Material. Any such

28    archival copies that contain or constitute Protected Material remain subject to this Protective

11

STIPULATED PROTECTIVE ORDER
4:18-CV-01825-HSG

239601.1

Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Respectfully submitted,

Dated:  August 1, 2018                    ALLEN, GLAESSNER,
                                          HAZELWOOD & WERTH, LLP


By:  */s/ Philip Downs*
        DALE L. ALLEN, JR.
        PHILIP J. DOWNS, JR.
        Attorneys for Defendants
        COUNTY OF NAPA, DANIEL LICHAU,
        JAMES KASPER, MICHAEL MILAT


LAW OFFICES OF JOHN L. BURRIS


By:  */s/ Patrick Buelna*
        JOHN L. BURRIS
        BEN NISENBAUM
        PATRICK M. BUELNA
        Attorneys for Plaintiff
        CLARENCE LOFTIN


PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: August 8, 2018

HON. HAYWOOD S. GILLIAM, JR.
U.S. District Court Judge

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

12

STIPULATED PROTECTIVE ORDER
4:18-CV-01825-HSG

239601.1